**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**RICHARD NAZARETH,**

                **Plaintiff,**

**-vs-**                                     **Case No. 6:05-cv-1070-Orl-31JGG**

**OHIO NATIONAL LIFE ASSURANCE**
**CORPORATION,**

                **Defendant.**

_____

# ORDER

Plaintiff's original complaint in this case (as removed) (Doc. 2) contained two counts: one for breach of contract (Count I) and the other for breach of fiduciary duty (Count II). Both Counts were based on Plaintiff's alleged total disability under a disability insurance policy issued by Defendant. According to the complaint, Plaintiff suffered an injury in July 2000 (at age 56), which rendered him totally disabled and therefore entitled to lifetime benefits under the policy.

On August 1, 2005, Defendant filed a motion to dismiss the Complaint (Doc. 10). In that motion, Defendant asserted that Plaintiff had received full disability payments since he became disabled (originally in May of 2000) and that until he reached age 65, any claim for lifetime benefits would be premature.[1]

Because Defendant alleged matters outside the record, the Court converted the motion as to Count I into a motion for summary judgment under Rule 56. (Doc. 14). In that order at footnote

---

[1] Under the policy, if disability occurs as a result of an "injury" prior to age 65, benefits are payable for life, so long as the total disability lasts. Plaintiff is presently 62 years old.

1, the Court observed that Count I was really one for declaratory judgment concerning Plaintiff's entitlement to future benefits.  Count II was dismissed with leave to amend within 20 days.

On September 9, 2005, Defendant supplemented its motion, converting it to a motion for summary judgment in accordance with the Court's prior Order (Doc. 17).  Plaintiff did not respond.  Instead, on October 28, 2005, he filed a motion to amend his complaint to "add a count for declaratory judgment."  (Doc. 21).  On November 14, 2005, the Court granted the motion to amend (Doc. 22) and Defendant's motion for summary judgment as to Count I (Doc. 23).

On November 23, 2005, Plaintiff filed his amended complaint (Doc. 27), adding not only a count for declaratory judgment, but also a count for anticipatory breach of contract.  Defendant has filed a motion to dismiss the amended complaint (Doc. 30), which Plaintiff opposes (Doc. 33).

The breach of contract claim (Count I of the original complaint) has been concluded by way of summary judgment, and the new anticipatory breach of contract claim is outside the scope of the Court's order granting leave to amend.[2]  Thus, the Court will address only the declaratory judgment claim – Count II of the amended complaint.

Article III, Section 2 of the Constitution provides that "[t]he judicial Power shall extend" only to the categories of disputes it enumerates, including "Controversies ... between Citizens of different States."  The federal Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction, ... any court of the United States ... may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  28 U.S.C. § 2201.  Thus, the Declaratory Judgment Act "is operative only

---

[2] Plaintiff has abandoned his breach of fiduciary duty claim which was the subject of Count II of the original Complaint.

in respect to controversies which are such in the constitutional sense." *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 240 (1937).

> A 'controversy' in this sense must be one that is appropriate for judicial determination. A justiciable controversy is thus distinguished from a difference or dispute of a hypothetical or abstract character; from one that is academic or moot. The controversy must be definite and concrete, touching the legal relations of parties having adverse legal interests. It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.

*Id.* at 240-41 (internal citations omitted).

Even accepting the allegations in Plaintiff's amended complaint (that Plaintiff's current disability was caused by an injury), the policy only provides benefits after age 65 if the disability continues. Until we reach that point in time, Plaintiff's claim is speculative. In short, until age 65, there is no justiciable controversy concerning Plaintiff's entitlement to benefits thereafter.[3] In consideration of the foregoing, it is hereby

**ORDERED** that Defendant's Motion to Dismiss (Doc. 30) is **GRANTED**, and the Amended Complaint (Doc. 27) is **DISMISSED WITHOUT PREJUDICE** as premature.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on January 30, 2006.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

---

[3] If there is a dispute at that time, it will be whether Plaintiff is disabled as the result of an "injury" rather than a "sickness," because sickness-related disability beginning after age 55 does not pay benefits beyond age 65.